UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CHUBB GROUP OF INSURANCE COMPANIES<br>as subrogee of U.S. News & World Report, L.P.<br>t/a Atlantic Monthly/ Fast Company Magazine<br>15 Mountain View Road<br>Warren, NJ 07059<br><br>Plaintiff,<br>v.<br><br>TORNADO WILLIS CLEANING SYSTEMS<br>PO BOX 750011<br>Arlington, MA 02475-0011<br><br>Defendant. | CIVIL ACTION NO.: |

## COMPLAINT

Plaintiff, Chubb Group of Insurance Companies, by and through its attorneys, Patrick J. Loftus, III, and Cozen and O'Connor, upon information and belief, hereby avers, as follows:

### THE PARTIES

1. At all times material hereto, Plaintiff, Chubb Group of Insurance Companies [hereinafter "Chubb"], was a corporation organized and existing under the laws of the State of New Jersey, with its principal place of business located at 15 Mountain View Road, Warren, New Jersey.

2. At all times material hereto, Plaintiff Chubb was engaged in the business of issuing property insurance and was duly authorized to issue policies of insurance within the Commonwealth of Massachusetts.

3. At all times material hereto, Defendant, Tornado Willis Cleaning Systems [hereinafter "Tornado Willis"], was a business organized and existing under the laws

**DOCKETED** 

of the Commonwealth of Massachusetts, with its principal place of business in Arlington, Massachusetts.

4. At all times material hereto, Defendant Tornado Willis was engaged in the business of providing commercial cleaning services.

## JURISDICTION AND VENUE

5. The jurisdiction of this court is proper pursuant to 28 USC §1332 as this action is between citizens of different states and the amount in controversy, exclusive of interest and costs, exceeds the sum of $75,000.00.

6. Venue is proper in this district pursuant to 28 USC §1391 as the events or omissions giving rise to the claims at issue occurred within this district and defendant is subject to personal jurisdiction within the district.

## FACTUAL ALLEGATIONS

7. At all times material hereto, U.S. News and World Report, t/a Atlantic Monthly/ Fast Company Magazine [hereinafter collectively "Fast"] owned and operated a publishing company at 77 North Washington Street, Suite 401, Boston, Massachusetts [hereinafter "the property"].

8. At all times material hereto, Plaintiff Chubb insured Fast's real and business property interests at the property.

9. On or before October 11, 1999, Fast obtained photographic slides and/or negatives [hereinafter "the slides"] to be used in its publishing production.

10. At all times material hereto, Fast stored the slides in their shipping container.

11. On or about the evening of October 11, 1999, the slides were located next to an employee's desk.

12. On or about October 11, 1999, while performing cleaning at the property, Defendant Torando Willis discarded the shipping container and slides, without authorization.

13. Given the loss of the slides, Fast submitted a claim to Plaintiff Chubb.

14. Pursuant to the terms and condition of its policy of insurance, Plaintiff Chubb paid the amount of $274,000, representing the fair and reasonable value and cost of the slides which were discarded.

15. To the extent of its payments, Plaintiff Chubb is subrogated to the rights of its insured.

## COUNT I - NEGLIGENCE

16. Plaintiff incorporates the preceding paragraphs, by reference.

17. The slides were lost and damage was sustained due to the carelessness, negligence, gross negligence, and/or negligent acts or omissions of Defendant, acting by and through its agents and employees, acting within the scope and course of their employment, as follows:

    a) causing or allowing the slides to be lost or discarded;

    b) failing to properly and adequately perform its janitorial and cleaning work;

    c) failing to make a proper review and/or inquiry before discarding the shipping container and/or slides;

    d) discarding materials without permission and/or authorization;

    e) discarding materials which were not marked as "trash" or otherwise labeled to be disposed;

      f)      failing to hire proper and adequate employees, agents, or contractors;

      g)      failing to properly train, instruct and/or supervise its employees, agents, or contractors;

      h)      failing to exercise due care while performing its cleaning services; and

      i)      otherwise failing to use due care under the circumstances, as may be revealed in the course of discovery.

18.    By reason of the above conduct, the slides were lost and significant damages were sustained.

WHEREFORE, Plaintiff, Chubb Group of Insurance Companies, demands judgment against Defendant, Tornado Willis Cleaning Systems, together with pre- and post-judgment interest, the cost of this suit, and such other and further relief as may be awarded by the Court.

Respectfully submitted,

BY: _____
PATRICK J. LOFTUS III, ESQUIRE
BBO #303310
No. 9 Park Street
Suite 500
Boston, MA 02108

CO-COUNSEL:
JAMES P. CULLEN, JR., ESQUIRE
COZEN AND O'CONNOR
1900 Market Street
The Atrium - 3rd Floor
Philadelphia, PA 19103
(215) 665-4102

4